UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOHN DAVID WILSON, JR.,**

    Petitioner,

v.                                        **Case No. 8:20-cv-1064-T-33TGW**

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    Respondent.
_____/

## ORDER

This cause is before the Court on Petitioner John David Wilson, Jr.'s petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1), motion to appoint counsel (Doc. 12), and motion for summary judgment (Doc. 13). Upon consideration, the Court **ORDERS** as follows:

### BACKGROUND

A person in custody under a state court conviction may challenge his conviction under § 2254 on the basis that he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Wilson challenges his convictions entered in state court case Nos. 99-18481 and 00-12480, which he states were consolidated in state court proceedings. In case No. 99-18481, Wilson pleaded guilty to aggravated stalking. In case No. 00-12480, Wilson was convicted of attempted first degree murder and aggravated battery. Wilson was ultimately sentenced to concurrent terms of five years in prison in case No. 99-18481 and life in prison in case No. 00-12480.

1

## DISCUSSION

**I.     State Case No. 00-12480**

Wilson previously challenged the validity of the conviction entered in case No. 00-12480 in *Wilson v. Sec'y, Dep't of Corr.*, No. 8:07-cv-2185-T-33MAP. The Court denied the petition, and the Eleventh Circuit Court of Appeals denied Wilson's motion for a certificate of appealability. (Docs. 30 and 38 in No. 8:07-cv-2185-T-33MAP).

Accordingly, the instant petition is second or successive as to Case No. 00-12480. *See Magwood v. Patterson*, 561 U.S. 320, 338-39 (2010) (stating that a § 2254 petition attacking the same state court judgment that was challenged in an earlier § 2254 petition is successive). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

This Court lacks jurisdiction to review Wilson's challenge to case No. 00-12480 unless and until the Eleventh Circuit Court of Appeals grants him permission to file a second or successive petition. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."); *Hubbard v. Campbell*, 379 F.3d 1245, 1246-47 (11th Cir. 2004) (recognizing that a district court is without jurisdiction to review a second or successive petition if a petitioner has not obtained authorization from the circuit court as required under § 2244(b)(3)(A)).

Wilson contends within his motion for appointment of counsel that "on or about Dec. 1, 2019 [he] receive[d] permission to file a successive habeas, from the Eleventh Circuit." (Doc. 12 at 3). However, as addressed *infra*, the order to which Wilson refers only concerned Wilson's other state conviction and has no impact on the Court's conclusion as to jurisdiction over the instant petition. Wilson has not demonstrated that he has received authorization from the Eleventh Circuit to file a second or successive § 2254 petition challenging the conviction entered in case No. 00-12480.

Finally, the Court notes that Wilson's petition alleges newly discovered evidence. A claim based on new facts is a basis for pursuing a second or successive petition. *See* 28 U.S.C. § 2244(b)(2)(B) ("A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless . . . (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." As discussed above, however, Wilson must persuade the Eleventh Circuit, not this Court, that he is entitled to file a second or successive petition.

**II.     State Case No. 99-18481**

Wilson was sentenced in state case No. 99-18481 to five years' imprisonment, to run concurrently with the life sentence he received in his other case. Wilson previously challenged this conviction in *Wilson v. Sec'y, Dep't of Corr.*, 8:15-cv-2084-T-33AAS. On appeal, the Eleventh Circuit determined that Wilson's challenge to case No. 99-18481

3

was subject to dismissal because Wilson failed to satisfy the "in custody" requirement. The Eleventh Circuit explained:

> District courts have jurisdiction over petitions for habeas relief only when the habeas petitioner – at the time his petition is filed – is "in custody" under the conviction or sentence he seeks to challenge. Maleng v. Cook, 490 U.S. 488, 491-92, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (interpreting the language in 28 U.S.C. § 2241(c)(3)). Once the sentence for a conviction has fully expired, the petitioner is no longer "in custody" for purposes of challenging that conviction. Id. at 491, 109 S.Ct. 1923.
>
> Here, Wilson began serving his 60-month sentence in case No. 99-18481 in October 2001. When Wilson filed his construed section 2254 petition in 2015, his 60-month sentence had long since expired. Thus, Wilson was no longer "in custody" for purposes of challenging his conviction for aggravated stalking. See id.

*Wilson v. Sec'y, Dep't of Corr.*, 717 F. App'x 891, 893 (11th Cir. 2017).

Accordingly, to the extent Wilson seeks to challenge the conviction entered in case No. 99-18481, he cannot meet the in custody requirement.

Wilson sought permission from the Eleventh Circuit to file a second or successive § 2254 petition with respect to his five-year sentence imposed in 2001 in case No. 99-18481. (*See* Doc. 1-2 at 3). As addressed above, the earlier § 2254 petition challenging this conviction was dismissed for lack of jurisdiction. Since that petition was not addressed on the merits, the Eleventh Circuit determined that a future § 2254 petition would not be "second or successive" and thus denied, as unnecessary, Wilson's application for leave to file a second or successive petition. (*See id.*).

Accordingly, while the instant § 2254 petition is not "second or successive" to the extent it challenges the conviction entered in case No. 99-18481, the petition is nevertheless subject to summary dismissal for lack of jurisdiction on the basis that Wilson

was not "in custody" under this conviction at the time he filed the petition. The Eleventh Circuit's order does not allow Wilson to avoid the "in custody" requirement.

### III. CONCLUSION

For the reasons stated above, the Court lacks jurisdiction to consider Wilson's petition. Wilson's motion for appointment of counsel (Doc. 12) and motion for summary judgment (Doc. 13) are therefore moot. Accordingly, the Court **ORDERS**:

1. The petition (Doc. 1) is **DISMISSED** for lack of jurisdiction.

2. The motion for appointment of counsel (Doc. 12) and motion for summary judgment (Doc. 13) are **DENIED AS MOOT**.

3. The **CLERK** is directed to **CLOSE** this case.

4. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, Wilson is hereby **DENIED** a certificate of appealability because he cannot show "that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because Wilson is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on September 4, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

John David Wilson, Jr.